FLORENCE LAZARUS AND MANNIS LAZARUS, PLAIN-
TIFFS-RESPONDENTS, v. RAYMOND C. STILLGER AND
GLADYS I. STILLGER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 2, 1953—Decided November 27, 1953.

Before Judges CLAPP, GOLDMANN and EWART.

*Mr. Alfred Brener* argued the cause for plaintiffs (*Mr. Sydney Shulman,* attorney).

*Mr. George J. Kaplan* argued the cause for defendants (*Mr. Louis Steisel,* attorney).

The opinion of the court was delivered by

CLAPP, S. J. A. D. The only question we need deal with is whether the defendants Raymond C. and Gladys I. Stillger are liable for an alleged nuisance on property adjoining theirs, because their predecessor in title may have created the nuisance.

The Stillgers' predecessor in title built a sidewalk in front of 67½ West 33rd Street, Bayonne, extending it west 1 foot 9⅝th inches beyond his property line into the property of one Arthur Frank at 69 West 33rd Street. From the time the Stillgers bought their property, the sidewalk at the end of this extension has been one inch to a half-inch higher than the sidewalk immediately to the west thereof, thus making a slight step-up at that point. The plaintiffs, husband and wife, sue for injuries of the wife caused when she, walking east toward 67½ West 33rd Street, tripped over this step-up and fell.

At the close of the plaintiffs' case and again at the close of the entire case, motion was made on the Stillgers' behalf to dismiss the action, raising, *inter alia*, the question above stated. The motions were denied, and defendants appeal. The jury brought in a verdict for the plaintiffs. The only wrongdoing charged against the Stillgers on the appeal is the maintenance of this step-up in the sidewalk on Frank's property.

In some situations at any event (*Gainfort v. 229 Raritan Avenue Corp.*, 127 *N. J. L.* 409, 413 (*Sup. Ct.* 1941); *Trondle v. Ward*, 129 *N. J. L.* 179, 184 (*E. & A.* 1942); cf. *Morris Canal and Banking Company v. Ryerson*, 27 *N. J. L.* 457 (*Sup. Ct.* 1859); *Restatement of Torts, sec.* 839; *Prosser on Torts*, 553, 603), a person may be held liable for a nuisance due to a structural fault in his own sidewalk, where the faulty construction is chargeable to his predecessor in title. *Braelow v. Klein*, 100 *N. J. L.* 156 (*E. & A.* 1924); *Garvey v. Public Service etc. Transport*, 115 *N. J. L.* 280, 284 (*E. & A.* 1935); *Schwartz v. Howard Savings Institution*, 117 *N. J. L.* 180 (*E. & A.* 1936); *Fasano v. Prudential Ins. Co.*, 117 *N. J. L.* 539 (*Sup. Ct.*

1937); *McHugh v. Hawthorne B. & L. Assn.*, 118 *N. J. L.* 78 (*Sup. Ct.* 1937); *Fredericks v. Dover*, 125 *N. J. L.* 288 (*E. & A.* 1940). The theory of the matter need not be inquired into here. But no theory can be conceived of, which would render the Stillgers chargeable for an alleged nuisance created by their grantor on adjoining property or render them liable for not abating that nuisance. The denial of the motion to dismiss was error.

Judgment reversed, with directions to enter judgment below for defendants Stillgers.